*P. W. Hardin, for appellant.*

---

MOUNT STERLING COAL R. CO. *v.* H. COX.

M. H. WARD, ET AL., *v.* H. COX.

[Abstract Kentucky Law Reporter, Vol. 2—60.]

**Validity of Stock Subscription.**

> Where the public have subscribed money to a railroad company for the purpose of aiding it to extend its line of road through the county of which the subscribers are resident, and such line is not constructed, but the company becomes insolvent and is alleged to have abandoned its purpose to construct such road, a subscriber to such company may procure a temporary injunction restraining the railroad company or its assigns from collecting such subscription until the chancellor is satisfied that the company will expend the money in the construction of the road as agreed upon and comply with its agreement, or furnish a bond with surety that it will proceed and complete such road construction.

APPEAL FROM HARRISON CIRCUIT COURT.

December 7, 1880.

OPINION BY JUDGE PRYOR:

The agreement to subscribe stock with a view of extending the Mount Sterling Coal R. Co. to the town of Cynthiana was an en-

terprise in which the citizens of Harrison county were deeply interested, and prompted the execution of the paper in which they undertook to pay certain sums of money for that purpose. They were in no manner interested in extending the road east of Mount Sterling at an expenditure of $65,000 with no prospect of a road from Mount Sterling to Cynthiana. A market for coal was then and is now more accessible and at less cost than its transportation by way of Lexington from Mount Sterling; and, as said in a former opinion involving a kindred question, it was never contemplated by the subscribers of stock in Harrison county that their money should be expended in taking the road from their city instead of bringing it to it. It was a separate subscription of stock, although expressed to be the capital stock of the company. The value of each share of stock was fixed and agreed upon by the subscribers. The amount necessary to pay the expenses and cost of survey was agreed to be paid at once, viz: $2\frac{1}{2}$ per cent on the amount subscribed to carry out the aforesaid object, namely, the construction of the road from Mount Sterling to Cynthiana.

It was right and proper that the original company should make the calls and control the construction of its road, but no right existed on its part to take the money and apply it to the construction of other branch roads, or in extending the main stem in an opposite direction from Cynthiana. The object to be accomplished by the undertaking must be considered in the construction of the agreement, and when this is done there is no difficulty in determining the liability of the parties. If these parties had subscribed to the original stock of the company a different construction would be given the agreement, but in this case the company had been organized and the road constructed for some distance east of Mount Sterling, and these subscribers of stock said, in effect, to the corporation, "We will give you $65,000 to be applied in the extension of the road so as to connect the two cities. It was an agreement voluntarily entered into by the citizens alone of Harrison, and presented to the company for its acceptance. It was accepted, and thereby the company undertook to comply with its part of the agreement.

It is now alleged that the company is insolvent, and has transferred or mortgaged its franchise, or the rights acquired under its charter, to others; that it has abandoned the construction of the road from Mount Sterling to Cynthiana and has appropriated what money has been paid to its construction to other parts of the road

and is hopelessly insolvent. Under these circumstances the appellee, who has subscribed thirty shares of stock, asks the chancellor to intercede and prevent its collection. The facts alleged are admitted by the demurrer, and we think the appellants entitled to some relief. Some of the money subscribed has been paid, and while the company is now insolvent it may yet be able to construct the road and comply with the agreement. The chancellor should therefore have granted a temporary injunction by restraining the appellants from collecting the money until he is satisfied the company will expend the money in the construction of the road as agreed upon and comply with its agreement; or a bond with surety to be approved by the court containing such conditions would authorize the dissolution of the injunction at the cost of the appellants. As a matter of course the judgment will not bear interest until there is a readiness and an ability to perform appellants' part of the agreement. The attorneys have a lien on the judgment but are in no better condition than those they represent. When the appellants are in a condition to coerce the money the lien of the attorneys will be enforced, but not sooner.

For the reasons indicated the judgment is *reversed* and cause remanded for further proceedings.

*A. H. Ward, C. W. West, J. W. Ward, for appellants.*
*T. T. Forman, for appellee.*